```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TENNESSEE
                      WESTERN DIVISION
```

_____

TYRONE TAYLOR,

       Plaintiff,

vs.                                         No. 05-2275-B/P

BUREAU OF PRISONS, et al.,

       Defendants.

_____

```
              ORDER TO COMPLY WITH PLRA
              ORDER ASSESSING FILING FEE
                  ORDER OF DISMISSAL
                         AND
        ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```
_____

Plaintiff Tyrone Taylor, Bureau of Prisons registration number 18213-076, an inmate at the Federal Correctional Institution (FCI),[1] in Bastrop, Texas, filed a handwritten complaint under <u>Bivens v. Six Unknown Fed. Agents</u>, 403 U.S. 388 (1971). The Clerk of Court shall record the defendants as the United States Bureau of Prisons and Joe P. Young.[2]

---

[1] The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

[2] Taylor named "Prison Officials" as defendants. It is well settled that a complaint cannot be commenced against fictitious parties. <u>Bufalino v. Michigan Bell Tel. Co.</u>, 404 F.2d 1023, 1028 (6th Cir. 1968); <u>see</u> <u>also</u> <u>Cox v. Treadway</u>, 75 F.3d 230, 240 (6th Cir. 1996) (explaining that a claim naming fictitious "John Doe" defendants does not commence an action and that a subsequent amendment identifying the defendant cannot relate back under Rule 15). Accordingly, the Clerk shall delete all references to unnamed "Prison Officials" as defendants.

I.  Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

In this case, plaintiff has not properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement showing:

1) the average monthly deposits, and
2) the average monthly balance

for the six months prior to submission of the complaint, and

3) the account balance when the complaint was submitted.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is ORDERED that within thirty (30) days of the entry of this order the plaintiff properly complete and file both an in forma pauperis affidavit and a trust fund account statement showing the above amounts. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect

them and pay them directly to the Clerk of Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of Court.

On each occasion that funds are subsequently credited to Plaintiff's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the Clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the Plaintiff fails to abide by these or any other requirement of this order, the Court may impose appropriate sanctions, including a monetary fine, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at Plaintiff's prison. The obligation to pay this filing fee shall continue despite the immediate dismissal of this case. 28 U.S.C. § 1915(e)(2). The Clerk shall not issue process or serve any papers in this case.

II.   Analysis of Plaintiff's Claims

Taylor sues the Bureau of Prisons and Federal Correctional Institution at Memphis Warden Joe Young alleging that Young was his supervisor at the time of his arrest on December 26, 2001. Taylor contends that the defendants have "shown extreme prejudice" against him by denying him privileges, increasing his security level, and transferring him to an institution over 500 miles from Memphis.

The BOP has adopted an administrative remedy program, 28 C.F.R. §§ 542.10-542.19, that is applicable to Bivens actions. See, e.g.,

Robinson v. Young, No. 00-6127, 20 Fed. Appx. 476, 477 (6th Cir. Sept. 26, 2001); Barksdale v. Rauschel, No. 99-2233, 2000 WL 1434492, at *1 (6th Cir. Sept. 18, 2000). The Warden has the initial responsibility for responding to grievances (28 C.F.R. § 542.11(a)) but an inmate who is not satisfied with the Warden's response may appeal to the BOP's regional director "within 20 calendar days of the date the Warden signed the response" and, thereafter, to the general counsel of the BOP "within 30 calendar days of the date the Regional Director signed the response." Id. § 542.15(a). Moreover, according to the regulations, "response shall be made by the Warden . . . within 20 calendar days; by the Regional Director within 30 calendar days; and by the General Counsel within 40 calendar days." Id. § 542.18.

Taylor's complaint raises multiple issues. Plaintiff has not attached any grievances to his complaint. The complaint does not contain any allegations regarding any grievance filed on any issue raised in the complaint. Accordingly, the allegations of the complaint are insufficient to demonstrate that Taylor exhausted his remedies on each issue presented.

The Sixth Circuit has held that 42 U.S.C. § 1997e(a) requires a federal court to dismiss a prison conditions claim without prejudice whenever a prisoner has not demonstrated that he has exhausted his administrative remedies. Brown v. Toombs, 139 F.3d 1102 (6th Cir. 1998). This condition places an affirmative burden on prisoners of pleading particular facts demonstrating the complete

exhaustion of claims.  Knuckles El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000).

> In order to comply with the mandates of 42 U.S.C. § 1997e(a), a prisoner must plead his claims with specificity and show that they have been exhausted by attaching a copy of the applicable administrative dispositions to the complaint or, in the absence of written documentation, describe with specificity the administrative proceeding and its outcome.

Knuckles El, 215 F.3d at 642; see also Baxter v. Rose, 305 F.3d 486 (6th Cir. 2002)(prisoner who fails to adequately allege exhaustion may not amend his complaint to avoid a sua sponte dismissal); Curry v. Scott, 249 F.3d 493, 503-04 (6th Cir. 2001)(no abuse of discretion for district court to dismiss for failure to exhaust when plaintiffs did not submit documents showing complete exhaustion of their claims or otherwise demonstrate exhaustion).  Furthermore, § 1997(e) requires the prisoner to exhaust his administrative remedies prior to filing suit and, therefore, he cannot exhaust these remedies during the pendency of the action.  Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999).

This complaint raises multiple issues and is fully within the scope of § 1997e.  Taylor's allegations are insufficient to satisfy the exhaustion requirements of § 1997e(e).[3]  As Plaintiff has not

---

[3] An inmate can exhaust administrative remedies in two ways.  He might file the grievance and then appeal it through all administrative levels made available by the particular institution or government agency.  Alternatively, he might attempt in good faith to follow the procedure and demonstrate that the institution or agency has completely frustrated the procedure and rendered further exhaustion efforts futile.  This complaint alleges neither method of exhaustion.

exhausted his administrative remedies, the Court dismisses this complaint without prejudice under 42 U.S.C. § 1997e(a)

III. Appeal Issues

The next issue to be addressed is whether Plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). Under Brown v. Toombs an appellate court must dismiss a complaint if a prisoner has failed to comply with § 1997e's exhaustion requirements. Accordingly, if a district court determines that a complaint must be dismissed for want of exhaustion, the plaintiff would not yet be able to present an issue in good faith on appeal because that appeal would also be subject to immediate dismissal. Thus, the same considerations that lead the Court to dismiss this case for failure to exhaust administrative remedies compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith, and Plaintiff may not proceed on appeal in forma pauperis.

The final matter to be addressed is the assessment of a filing fee if plaintiff appeals the dismissal of this case.[4] In <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997), the Sixth Circuit set out specific procedures for implementing the PLRA. Therefore, the plaintiff is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in <u>McGore</u> and § 1915(b).

IT IS SO ORDERED this 4th day of May, 2006.

                                  s/ J. DANIEL BREEN
                                  UNITED STATES DISTRICT JUDGE

---

[4] Effective April 9, 2006, the fee for docketing an appeal is $450. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.